107 F.3d 1
 79 A.F.T.R.2d 97-1087, 97-1 USTC P 50,237
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
John T. BARRETT, Jr. and Jane W.A. Barrett, Petitioners, Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent, Appellee.
 No. 96-1860.
 United States Court of Appeals, First Circuit.
 Feb. 20, 1997.
 
 John T. Barrett, Jr. on brief pro se.
 Loretta C. Argrett, Assistant Attorney General, David I. Pincus and Paula K. Speck, Attorneys, Tax Division, Department of Justice, Washington, D.C., on brief for appellee.
 Before SELYA, BOUDIN and LYNCH, Circuit Judges.
 PER CURIAM.
 
 
 1
 This appeal from a decision of the United States Tax Court finds its origin in a dispute between the appellants, Mr. and Mrs. John T. Barrett, Jr., and the Internal Revenue Service ("IRS") over the Barretts' tax liability for the years 1989 and 1990. On March 24, 1993, the IRS issued a notice of deficiency asserting a deficiency of $3,800.00 for 1989 and a deficiency of $10,080.00 for 1990. In addition, the IRS asserted accuracy-related penalties in the amount of $760.00 for 1989 and in the amount of $2,016.00 for 1990. See I.R.C. § 6662. Following a trial, the tax court ruled in favor of the IRS. Having reviewed the record and the parties' briefs, we affirm essentially for the reasons stated by the tax court in its memorandum dated April 24, 1996. We add the following comments.
 
 
 2
 The Barretts argued below that they suffered a capital loss in 1989--rather than the capital gain determined by the IRS--because the subordinated note ("Note") given to Mr. Barrett in 1989 by Drexel Lambert Group, Inc. ("Drexel") in connection with the redemption of his Drexel stock became worthless by the end of that year. Although the Barretts do not press on appeal their argument that the Note became worthless in 1989, they do argue that they should not have been found liable for an addition to tax. They admit that their 1989 tax return contains a number of errors, but they argue that these errors are excusable and that they reasonably determined the Note to be totally worthless in 1989.
 
 
 3
 We think the tax court could properly find that the Barretts were negligent in maintaining records and in providing information to their tax return preparer. They failed to supply their tax preparer with the correct basis for the Drexel shares. They also failed to mention the Note to their tax preparer. We are unpersuaded by their excuses.[1] Since we do not think the issue of 1989 worthlessness is a close one, we see no clear error in the tax court's finding sustaining the accuracy-related penalty on the ground of negligence. See Leuhsler v. Commissioner, 963 F.2d 907, 910 (6th Cir.1992) (observing that a tax court's findings on negligence issues are reviewed for clear error).
 
 
 4
 The Barretts contested the deficiency determination for 1990 on the ground that they are entitled to a bad debt deduction for that year. See I.R.C. § 166. To succeed on this contention, they were required to prove that the Note became totally worthless in 1990. Treas. Reg. § 1.166-5(a)(2); Buchanan v. United States, 87 F.3d 197, 198-99 (7th Cir.), cert. denied, 117 S.Ct. 363 (1996). The Barretts failed to meet this burden.
 
 
 5
 Drexel's filing for bankruptcy in 1990 is not enough, by itself, to establish that the Note became worthless that year. See Cox v. Commissioner, 68 F.3d 128, 131 (5th Cir.1995). Rather, the question whether any of Drexel's assets would be available to pay the Note depends upon the value of Drexel's assets, the amount and validity of senior claims, and the cost of the bankruptcy administration. See Dallmeyer v. Commissioner, 14 T.C. 1282, 1293 (1950). We think the tax court could properly find that the Barretts failed to show these latter factors and that the record indicates these factors could not be determined with any degree of certainty in 1990. In short, the Barretts failed to meet their burden of showing that the facts and circumstances known at the end of 1990 made it reasonable to abandon hope that they would recover something on their Note. See Estate of Mann v. United States, 731 F.2d 267, 278 (5th Cir.1984) ("If and when [a debt] becomes wholly worthless must be determined from the facts and circumstances known or which reasonably could have been known at the end of the year of asserted worthlessness.").
 
 
 6
 The trial testimony of Andrew Rothenberg cited by the Barretts does not alter our conclusion. It is plain that Rothenberg was addressing the prospects of recovery on the Note in 1992, when the plan of reorganization was proposed. By then, the largest claims against the Drexel estate had been settled. The participants in the bankruptcy proceeding presumably had a much clearer picture of the assets available, the claims that would be allowed, and the amount and ranking of claims. Rothenberg does not address the prospects of recovery in 1990 based on facts and circumstances known (or reasonably knowable) by that year's end.
 
 
 7
 Finally, the tax court readily could have found that the bare allegation of insolvency made in Drexel's 1992 civil complaint lacked sufficient indicia of reliability to warrant admission of the complaint under Fed.R.Evid. 803(24). Under the circumstances, the tax court did not abuse its discretion in declining to admit the complaint for its truth. We reject the Barretts' suggestion--made for the first time in their reply brief--that the tax court did not finally rule on this issue.
 
 
 8
 Affirmed.
 
 
 
 [1]
 We note, in particular, that the Barretts have never adequately explained why they did not have (and keep) records of the amount they paid for the stock. Based on such records, the Barretts could easily have supplied their tax preparer with the correct basis of the stock